UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80167-CIV-MARRA/MATTHEWMAN

STEVEN KNIGHT,

    Plaintiff,

vs.

PALADIN GLOBAL CORPORATION,
and NICOLE J. BANKER, individually,

    Defendants.
_____/

## ORDER AND OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment [DE 34] filed on January 7, 2014.  Despite ample notice,[1] no response to the motion has been filed.  As such, this case is ripe for adjudication.  The Court has carefully considered the record, applicable law, and is otherwise fully advised in the premises.

## Background and Preliminary Facts

On February 15, 2013, Plaintiff initiated this action pursuant to the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages and other relief from Paladin Global Corporation ("Paladin"), and Nicole J. Banker ("Banker"), the individual defendant (collectively, the "Defendants") [DE 1].  On April 9, 2013, John S.

---

[1] *See* Notice of Summary Judgment issued on January 29, 2014, in accordance with *Griffith v. Wainwright*, 772 F.2d 822, 824 (11th Cir. 1988).  In the Notice, Defendants were warned that if they failed to submit the necessary sworn affidavits or concise statement of material facts, this Court would accept all material facts set forth in the motion supported by record evidence as true in accordance with Local Rule 7.5.D [DE 36].

Trimper, Esq. of the law firm Jones, Foster, Johnston & Stubbs, P.A. appeared and filed an Answer on behalf of all Defendants [DE 13].

On July 9, 2013, the Court granted Defendants' Counsel's Motion to Withdraw. The corporate defendant, Paladin, was instructed to retain new counsel on or before July 30, 2013. No counsel has made an appearance on Paladin's behalf. Without counsel of record, Paladin is precluded from defending itself. Similarly, the individual defendant, Banker, has not responded to motions or complied with Court orders, indicating that she is not defending herself. By failing to defend this case in any manner, including failing to controvert Plaintiff's Statement of Undisputed Facts, in accordance with Local Rule 7.5.D, all material facts set forth in Plaintiff's Statement of Undisputed Facts which are supported by evidence in the record shall be deemed admitted and uncontroverted.

**Standard of Review**

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn from it in the light most favorable to the non-movant. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,*

477 U.S. 317, 323-24 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

The Court is required to consider the merits of the motion despite a lack of response by Defendants, *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008), and must ensure the motion itself is support by evidentiary materials.  *See United States v. One Piece of Real Property Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see also Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact.")  In the instant matter, summary judgment against Defendants is appropriate as the undisputed factual evidence supports the allegations set forth in the Complaint.

**STATEMENT OF FACTS**

The following facts are taken from Plaintiff's Statement of Material Facts in Support of Motion for Summary Judgment [DE 35].  Each fact cites to documents and evidence in the record, including Plaintiff's sworn answers to interrogatories, which references are incorporated herein.  *See, e.g.,* DE 8-1.

1. Paladin is a security company which conducts business in Palm Beach County. As a result of the services provided by Paladin, two or more of its employees regularly handled and worked with goods and materials moved in or produced in commerce. At all times material hereto, Defendants were an "enterprise engaged in commerce" and were Plaintiff's "employer" within the meaning of the FLSA. The annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

2. At all times relevant to this action, Banker was an individual resident of the State of Florida, who owned and operated Paladin, and who regularly exercised the authority to: (a) hire and fire employees of Paladin; (b) determine the work schedules for the employees of Paladin; and (c) control the finances and operations of Paladin. By virtue of having exercised that authority on behalf of Paladin, Banker is an employer as defined by 29 U.S.C. 201 *et. seq*.

3. At all times material hereto, Plaintiff was an "employee" of Defendants and the work performed by Plaintiff was essential to the business performed by Defendants.

4. From approximately January 2012 through July 2012, Plaintiff was employed with Defendants as an armed security guard.

5. At various material times within the last two years, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

6. During the time period from January 2012 through July 2012, Defendants failed to compensate Plaintiff at the rate of one and one-half times Plaintiffs regular rate of pay for all hours worked in excess of forty (40) within a single work week.

7. Defendants have violated Title 29 U.S.C. § 207 from at least January 2012 through July 2012, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period in which he was employed with Defendants;

   b. No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one- half times Plaintiffs regular rate for those hours worked in excess of forty (40) per work week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA.

8. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) per week, as required by the FLSA.  At all material times, Plaintiff's regular rate of pay was $12.50 per hour, thus his overtime pay should have been $18.75.

9. From January 1, 2012 through June 2, 2012 (calculated by Plaintiff as 21 weeks), Plaintiff worked for Defendants an average of 18 hours per day, six days per week, for a total of 108 hours per week, which included 68 hours of overtime per week.

10. From January 1, 2012 through June 2, 2012 Plaintiff was paid an average of $980.00 per week but he should have been paid $1,775.00 per week. This created a deficit of $795 a week x 21 weeks = $16,695 owed for the period.

11. From June 4, 2012 through July 27, 2012 (calculated by Plaintiff as 7 weeks), Plaintiff worked for Defendants an average of 12 hours per day, five days per week, for a total of 60 hours per week, which included 20 hours of overtime per week.

12. From June 4, 2012 through July 27, 2012, Plaintiff was paid an average of $640.00 per week but he should have been paid $875.00 per week. This created a deficit of $235.00 a week x 7 weeks = $1,645.00.

13. As a result of Defendants' failure to properly pay Plaintiff, he is owed $18,340.00 in unpaid overtime wages (unliquidated).

## Discussion

The record evidence demonstrates that there is no genuine issue of material fact in dispute. Absent any legitimate factual disputes, Plaintiff is entitled to a judgment which includes $18,340.00 in unpaid overtime wages. In addition, Plaintiff

is entitled to liquidated damages in the same amount of $18,340.00.[2]  Overall, Plaintiff is owed a total of $36,680 for unpaid overtime wages and liquidated damages.

**Conclusion**

In accordance with the conclusions made above, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment [DE 34] is GRANTED.  Nicole J. Banker is jointly and severally liable with the corporate defendant, Paladin Global Corporation, under the FLSA for Plaintiff's unpaid wages.[3]

---

[2] 29 U.S.C. § 216(b) provides that "[a]ny employer who violates the ... [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages ... and in an additional equal amount as liquidated damages." "Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages." *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008).

[3] In *Patel v. Wargo*, the Eleventh Circuit wrote,

> An employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). *Accord Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir.1984), *cert. denied*, 471 U.S. 1124 (1985). . . To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee.

803 F.2d 632, 637-38 (11th Cir. 1986); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

In accordance with Fed. R. Civ. P. 58, final judgment will be entered by separate order.  Any pending motions are denied as moot.  The Court reserves jurisdiction to consider the matter of attorney's fees.

DONE AND ORDERED in Chambers at West Palm Beach, Palm Beach County, Florida, this 15th day of April, 2014.

_____
KENNETH A. MARRA
United States District Judge